UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALBERT AARON and
SHA SHONNA M. AARON,

        Petitioners,

                                                    Case Number 11-13876
v.                                         Honorable Thomas M. Ludington

PEOPLE OF THE STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONERS' MOTION FOR RELIEF FROM JUDGMENT,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioners Albert Aaron and Sha Shonna M. Aaron are a married couple who operate a business called Tech Auto Repair Service. Petitioners filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 challenging Mr. Aaron's misdemeanor conviction in state court. For the following reasons, their motion will be denied.

**I.**

In 2005, Mr. Aaron was charged with several municipal ordinance violations in Michigan state court. Following a bench trial, he was found guilty of operating a business without an opaque fence. In a second, separate state court case, Mr. Aaron pleaded no contest to the same charge. On September 26, 2005, the trial court sentenced Mr. Aaron in both cases, fining him to $160 in costs and fines in one case, $260 in costs and fines in the other, and ten days in jail, with the jail term suspended. Mr. Aaron does not allege that he appealed or otherwise challenged the judgment in state court. Instead, Petitioners filed a "motion for relief from judgment" in this Court. Their 345 page petition alleges, inter alia, that Petitioners were misled about the charges,

that the evidence was fabricated, that the trial court committed fraud, that the trial court lacked jurisdiction, and that Petitioners were deprived of their right to present a defense.

## II.

Petitioners bring their motion pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(6), 60(d)(1), and 60(d)(3). Their reliance on Rule 60 is misplaced, however, as they are challenging a state court judgment. Rule 60 applies to federal judgments, not state court judgments. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts").

Likewise, even if the petition is construed as a habeas corpus petition, Petitioners have not demonstrated that they are entitled to relief. A federal district court may entertain an application for the writ of habeas corpus only if the prisoner is "in custody" in violation of federal law. 28 U.S.C. §§ 2241(c)(3) and 2254(a). That is, the petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). A petitioner may not mount a federal habeas corpus challenge to a conviction for which he received a suspended sentence. *Wells v. Varner*, 392 F. App'x 914 (3d Cir. 2010), *cert. denied*, __ U.S. __, 131 S. Ct. 1683 (2011). The imposition of a monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (interpreting the "in custody" requirement of 28 U.S.C. § 2255).

In this case, neither Petitioner is in custody. Mr. Aaron's jail sentence was suspended; Mrs. Aaron was not convicted.

Moreover, Petitioners have not demonstrated that they exhausted state remedies for their claims. 28 U.S.C. § 2254(b)(1). Nor have they complied with the one-year statute of limitations applicable to habeas corpus petitions. *See* 28 U.S.C. § 2244(d). Thus, even drawing all reasonable inferences in Petitioners' favor, they are not entitled to relief in this Court.

### III.

Rule 24 of the Federal Rules of Appellate Procedure provides that an appeal may not be taken in forma pauperis if the district court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A). An appeal cannot be taken in good faith if, viewed objectively, reasonable jurists could not debate whether the motion should have been resolved in a different manner or whether the issues are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

### IV.

Accordingly, it is **ORDERED** that the motion for relief from judgment (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

Dated: November 21, 2011

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Albert Aaron and Sha Shonna M Aaron, at 7200 E. McNichols Road, Detroit, MI 48212 by first class U.S. mail on November 21, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

1:11-cv-13876-TLL-CEB   Doc # 5   Filed 11/21/11   Pg 4 of 4   Pg ID 486